**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4399-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ERIN FORD,

    Defendant-Appellant.

_____

Submitted May 15, 2019 – Decided June 5, 2019

Before Judges Alvarez and Reisner.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment No. 98-12-4770.

Howard P. Lesnik, attorney for appellant.

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Emily M. M. Pirro, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Erin Ford appeals from the April 27, 2018 denial of his motion for reconsideration of an order, dated September 26, 2016, denying his third post-conviction relief (PCR) application. We now affirm the order denying reconsideration.

Briefly, during the course of a robbery, defendant and his co-defendant Larkeese Collins shot and severely injured the robbery victim. The jury convicted defendant of: first-degree conspiracy to commit robbery and/or burglary, N.J.S.A. 2C:5-2, 2C:15-1[1] (count one); first-degree attempted murder, N.J.S.A. 2C:5-1, 2C:11-3 (count two); two counts of first-degree robbery, N.J.S.A. 2C:15-1 (counts three and four); two counts of second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1) (counts five and six); third-degree unlawful possession of a weapon (handgun), N.J.S.A. 2C:39-5(b) (count seven); and two counts of second-degree possession of weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (counts eight and nine). The trial judge on March 23, 2001, imposed an aggregate custodial sentence of forty years with a thirty-two year parole disqualifier, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. We affirmed defendant's convictions and sentence. See State v.

---

[1] The amended judgment of conviction cites to the wrong statutes for counts one and two.

Ford, No. A-5867-00 (App. Div. Jan. 14, 2003).  Defendant did not appeal that decision.

Since his unsuccessful direct appeal, defendant has filed three PCR applications and a habeas corpus application.  The PCR judge for the first petition agreed that two counts of the indictment should be vacated, but denied relief based on the claims of ineffective assistance of counsel and due process violations.[2]  Defendant's second PCR petition, filed April 10, 2012, was denied entirely.  We affirmed the denial in a sua sponte order.  Among the issues we discussed was defendant's claim that his attorney had been ineffective because he failed to explain defendant's sentencing exposure.

This appeal of the reconsideration order, which seems to be defendant's belated effort to overturn the third denial of PCR, is anchored in arguments that, with one exception, have nothing to do with the reconsideration order itself:

> I.  The trial court erred in denying the defendant an evidentiary hearing.
>
> II.  The trial court erred when it determined that it did not have jurisdiction to consider the petition.

---

[2]  In the August 28, 2006 opinion by the first PCR judge, he indicated that the court held oral arguments on August 4, 2006 and the State agreed that the convictions for count three and count six should be vacated.

A-4399-17T4

III. The trial court erred when it determined that the State's failure to provide discovery at trial was not a <u>Brady</u> violation.

IV. The trial court erred when it determined that the defendant was [not] denied due process when he was never advised of the sentencing exposure at the pre-trial conference.

V. The trial court erred when it determined that the defendant's trial counsel was not ineffective.

VI. The trial court erred in denying the defendant's motion for reconsideration of the denial of his petition for an evidentiary hearing.

We review motions for reconsideration for abuse of discretion. <u>Cummings v. Bahr</u>, 295 N.J. Super. 374, 389 (App. Div. 1996). "An abuse of discretion 'arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" <u>Milne v. Goldenberg</u>, 428 N.J. Super. 184, 197 (App. Div. 2012) (quoting <u>Flagg v. Essex Cty. Prosecutor</u>, 171 N.J. 561, 571 (2002)).

Reconsideration is not warranted where a litigant is merely unhappy with a decision or wants to reargue a motion. <u>Palombi v. Palombi</u>, 414 N.J. Super. 274, 288 (App. Div. 2010). Rather, reconsideration should only be made in those cases that fit into a narrow category where "either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2)

it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990); see also Capital Fin. Co. of Del. Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008). "[M]otion practice must come to an end at some point, and if repetitive bites at the apple are allowed, the core will swiftly sour." D'Atria, 242 N.J. Super. at 401.

We see nothing in this appeal other than claims which have been previously decided, and are thus barred from reconsideration on PCR pursuant to Rule 3:22-5, claims that lack foundation in the record or the law, or claims that are entirely untimely. Based on our review of the judge's reconsideration decision rendered April 27, 2018, and our own review of the record on appeal, it seems clear that the issues defendant raises do not warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION